UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RANISH D. RICHARD                    CIVIL ACTION NO. 12-CV-552

VERSUS                               JUDGE DOHERTY

CITY OF VILLE PLATTE                 MAGISTRATE JUDGE HANNA

*REPORT AND RECOMMENDATION*

Before the undersigned, on referral from the district judge for report and recommendation, is the plaintiff's Motion to Remand. [Rec. Doc. 6]  The motion is opposed. After considering the record, the memoranda and oral arguments of the parties, it is the recommendation of the undersigned that the instant case be REMANDED to state court since this court lacks subject matter jurisdiction.

**Pertinent Factual and Procedural History:**

On January 27, 2012, Plaintiff Ranish D. Richard filed a Petition for Wrongful Termination and Damages in the 13th Judicial District Court, Parish of Evangeline, State of Louisiana. [Rec. Doc. 1-1] In the suit, Plaintiff alleges she was terminated from her Civil Service employment with the City of Ville Platte, Louisiana without notice or legitimate cause.  She was told that her position as Park Attendant at the North Side Park Civic Center was being eliminated.  On the same day, Plaintiff alleges the City advertised to fill the same

position. The plaintiff applied for the position, which was later filled by male applicants.[1] According to Plaintiff, these actions by the City serve as "prima facie evidence of Sex Discrimination under both State and Federal Law." [Rec. Doc. 1-1, p. 2, para. 9]

In the Petition, Plaintiff alleges that in effecting her termination, the City defendant violated the rules and procedures of the Louisiana Civil Service system, perpetrated a fraud by representing that Plaintiff's position had been eliminated, and discriminated against her based on her sex. The only specific laws referenced in the pleadings are Louisiana's Lawrason Act and provisions of La. R.S. 23:303, part of the Louisiana Employment Discrimination Law.[2] The Petition further references Plaintiff's exhaustion of the preconditions to suit set out in the Louisiana statues. Finally, the pleading notes that "prescription in this matter tolls on January 30, 2012." [Rec. Doc. 1-1, p. 3, para. 14]

The City of Ville Platte was served with the petition on February 2, 2012, and on March 1, 2012, Defendant acted to remove the case to federal court. [Rec. Doc. 1] The grounds for removal presented by the defendant are provisions of 28 U.S.C. §§ 1331, 1441, 1367(a) and Title VII, 42 U.S.C. §2000(e)-5(f)(3). On March 20, 2012, Plaintiff filed the Motion to Remand which is before the court. [Rec. Doc. 6] On April 10, 2012, Defendant filed a Memorandum in Opposition. [Rec. Doc. 13] On May 23, 2012, the Court heard oral arguments from the parties.

---

[1]Plaintiff alleges that the first male hired for the job did not remain in the position, and two other males were subsequently hired. [Rec. Doc. 1-1, p. 2, para 7-9]

[2]La. R.S. 23:301 et seq.

## APPLICABLE LAW AND DISCUSSION

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the matter. See 28 U.S.C. §1441(a). Because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal provisions. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872(1941); *Eastus v. Blue Bell Creameries*, LP, 97 F.3d 100, 106(5th Cir. 1996).

As the removing party, the defendant bears the burden of establishing that federal jurisdiction existed at the time of removal. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335(5th Cir. 1995). Any doubt as to the propriety of removal must be resolved in favor of a remand. *Guiterrez v. Flores*, 543 F.3d 248, 251(5th Cir. 2008); *Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751(5th Cir. 1996).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. The presence or absence of such jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70(1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. Jurisdiction may not be sustained on a theory that the plaintiff has not advanced. *The Fair*

*v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716(1913); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 3233, n.6, 92 L.Ed 2d 650(1986). The complaint, not the removal petition, must raise issues of federal law sufficient to support federal question jurisdiction. *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017(5th Cir. 1993).

Generally, under §1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420(1983). Accordingly, to support removal, the defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim, ignoring his own pleadings and petition for removal. The defendant must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S.Ct. 96,97, 81 L.Ed 70(1936).

In the instant case, Defendant asserts that a federal question is presented on the face of the pleadings based upon Title VII, 42 U.S.C. §2000(e)-5(f)(3), which provides for federal jurisdiction over actions brought under that Title. Defendant argues that the allegations of the pleading state a cause of action which is created by federal law, namely Title VII. Provisions of Title VII against unlawful employment practices are not cited in the Petition, but they are similar to the Louisiana anti-discrimination statutes which are cited in the pleadings. In fact, Louisiana's anti-discrimination statute is substantively similar to and

patterned after the federal anti-discrimination prohibitions in Title VII of the Civil Rights Act of 1964, and Louisiana courts routinely look to federal jurisprudence for guidance in determining whether a claim has been asserted. *Wyerick v. Bayou Steel Corp.*, 887 F.2d 1271, 1274(5th Cir. 1989); *Plummer v. Marriot Corp.*, 654 So.2d 843, 848(La. App. 4th Cir. 1995). The elements for a prima facie case of discrimination are adopted by Louisiana from the federal scheme. *See Taylor v. Oakbourne Country Club*, 846 So.2d 959(La. App. 3d Cir. 2003); *Baldwin v. Board of Supervisors for University of Louisiana System*, 961 So.2d 418(La. App. 1st Cir. 2007). The state and federal laws are not identical, however, and there are some notable differences, including the preconditions and timelines for filing of suit, as discussed below.

In the Motion to Remand, Plaintiff asserts that she seeks relief pursuant to state laws only; she makes no allegations that defendants violated provisions of Title VII, and she seeks no relief under federal law. [Rec. Doc. 6. p. 2] Within the pleading appears the single general reference that actions by the City defendant serve as "prima facie evidence of Sex Discrimination under both State and Federal Law." [Rec. Doc. 1-1, p. 2, para. 9] There is no other reference to federal law on the document.

### *Is a Title VII or other federal claim articulated on the face of the pleading?*

Though neither party has raised the issue, the Court begins by considering the preconditions to suit based on Title VII of the Civil Rights Act of 1964. In a Title VII suit, if a plaintiff fails to exhaust his administrative remedies with the Equal Employment

-5-

Opportunity Commission(EEOC), a district court cannot adjudicate his claims. Exhaustion does not occur until the complainant files a timely charge with the EEOC and receives a "right-to-sue" letter. 42 U.S.C. §§ 2000e-5(e),(f); *see also, Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002)(citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89(5th Cir. 1996)). Title VII provides that claimants have ninety days to file a civil action after receipt of such a notice from the EEOC, a provision which is strictly construed. *See Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770(5th Cir. 1986). Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Dao*, 96 F.3d at 789.

The pleading subject to the Court's review on the issues presented by the Motion to Remand makes no mention whatsoever of Title VII or the plaintiff's filing of an EEOC charge of discrimination or receipt of a "right-to-sue" letter from the agency. Similarly, there are no references in the pleading to Title VII requirements for suit-filing within 90 days after receipt of the EEOC right-to-sue letter. There are, however, clear references to actions by the plaintiff to exhaust administrative preconditions to suit under Louisiana anti-discrimination statutes, including specific statutory references to La. R.S. 23:303, as well as references to Louisiana's one year prescriptive provisions–both of which are different from the federal Title VII requirements.[3] Plaintiff likewise makes particularized claims for

---

[3]La. R.S. 23:303(C) requires that a plaintiff who intends to pursue court action "shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

damages under Louisiana statutory provisions. [Rec. Doc. 1-1, p. 2, para. 12][4]

Title VII does not provide the only means for presentation of employment discrimination claims, and, in fact, Title VII provides that:

> Nothing in this title shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this title. 42 U.S.C. §2000e-7.

Based on this language, courts have held that Title VII does not preempt state law remedies, regardless of whether they are based on statute or common law. See *Bernstein v. Aetna Life & Casualty*, 843 F.2d 359, 364(9th Cir. 1988), cited in *Jones v. Halliburton Co.*, 791 F.Supp.2d 567(S.D.Tex., 2011).

While Plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law, that is not the case presented here, since Louisiana law affords Plaintiff the opportunity to present her claim and obtain the relief she seeks. La. R.S. 23:303 et. seq. A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity

---

La. R.S. 23:303(D) sets out the one year prescriptive period for suit, suspended for up to six months during the pendency of any review or investigation by the EEOC or the Louisiana Commission on Human Rights.

[4]While not dispositive, the Court was informed at oral argument that plaintiff's counsel in the state court action is not admitted to the Western District, and therfore, had no intention of pleading any type of federal claim.

to remove, but taking the risk that his federal claims will one day be precluded. *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 809; *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680(5th Cir. 2001). 1A James W. Moore & Brett Ringle, *Moore's Federal Practice* ¶0.160(2d Ed.1979)(noting the freedom of the plaintiff to "ignore the federal ground and rely on the state ground").

In *Medina*, from the face of the plaintiff's well-pleaded complaint, the Fifth Circuit noted that the plaintiff sought damages authorized only by federal law and going beyond state law damage caps and limitations. On that basis, the court found that it was clear from the complaint that Medina was not proceeding on the exclusive basis of state law and held that the denial of the plaintiff's motion to remand was appropriate. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d at 680. In *Carson Real Estate Co., LLC v. Costar Group Inc.*, 2011 WL 4360021 (E.D. Mich. 2011), a Michigan district court case relied upon by the defendant, the court based its decision on the doctrine of complete preemption, based on the *exclusive* authority of the federal courts over claims within the subject matter of copyright per the Copyright Act. 17 U.S.C. §301(a). No such declaration of exclusivity appears in Title VII.

Finally, Defendant contends that the very mention of "federal law" in the pleading is enough to support federal question jurisdiction. The only such mention in the petition appears at Paragraph 9, which reads:

> ...this action by the City is prima facie evidence of Sex Discrimination under both State and Federal Law. [Rec. Doc. 1-1, para. 9]

The petition makes no reference to any particular federal law, statute or regulation. There

is no reference to Title VII, the Civil Rights Act, the EEOC or the Constitution. Thus, the pleading falls short of the *Holland/Blue Streak* standard that the assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction. *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-89(5th Cir. 1988). In the unreported case of *Addison v. Grillot Land & Marine, LLC*, WL 1298761(E.D.La., 2002), the defendant's argument for removal jurisdiction rested on a single sentence contained in the petition:

> Your petitioner filed charges with the Equal Employment Opportunity Commission("EEOC") alleging that GML had terminated his employment as a result of racial discrimination. ...the EEOC issued a "Right to Sue" letter. *Your petitioner files this petition pursuant to this "Right to Sue" authorization by the EEOC.*

GLM argued that the italicized sentence should be read as an assertion of a federal claim under Title VII. In response, the court noted that by filing charges with the EEOC and obtaining a right-to-sue letter, Plaintiff did not forfeit his right to pursue exclusively state and local remedies "despite the availability of federal ones." *Id.* (Citing to *Pendergraph v. Crown Honda-Volvo, LLC*, 104 F.Supp.2d 586, 588-89(M.D.N.C.1999). The court explained:

> If construed heavily in favor of removal(*i.e.*, ignoring that plaintiff very plainly and repeatedly spelled out the state statutes he relied upon, but did not refer to a single federal statute or regulation, or even to federal law generally), the sentence perhaps could be read as seeking a federal remedy. However, when the petition is construed against removal, as it must be, it does not present a federal question or federal claim on its face. [notes and citations omitted]

By similar reasoning, if construed heavily in favor of removal, the single sentence at issue in the instant case perhaps could be read as seeking a federal remedy, but when the

petition is construed against removal, as it must be, it does not present a federal question or federal claim on its face. See *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723(5th Cir. 2002)(ambiguities in the state court petition "are construed against removal."); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339(5th Cir. 2000)("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"). On review of the Petition for Wrongful Termination and Damages, it is clear to the undersigned that Plaintiff has exercised her option to pursue exclusively state causes of action despite the availability of federal ones-a legitimate option available to the plaintiff. *Caterpillar Inc. v. Williams*, 482 U.S.386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318(1987).

### *Recommendation*

Based on the careful review of the pleadings, the memoranda and arguments of the parties, the undersigned finds that in the Petition for Wrongful Termination and Damages, Plaintiff has presented a "well pleaded complaint" of discrimination based upon the Louisiana Employment Discrimination Law. The pleadings do not present a "well pleaded complaint" of discrimination based on Title VII of the Civil Rights Act of 1964, or any other federal law. Further since the pleading presents claims styled as state law claims in every respect save the single general reference to the identical state/federal prima facie case requirements in discrimination actions, it is apparent that at the time of removal Plaintiff had chosen to rely exclusively on the state law for relief. On that finding, and without diversity jurisdiction, the pleadings do not present a federal question to support federal jurisdiction.

Thus, the removal to this court was improper, and it is recommended that this matter should be REMANDED to 13th Judicial District Court, Parish of Evangeline, Louisiana, from which it originated.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 29th day of May, 2012.

_____